IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL GREEN,

                Plaintiff,

   v.

DANE COUNTY, DANE COUNTY SHERIFF,
DISTRICT ATTORNEY'S OFFICE, OFFICE OF
EQUITY AND INCLUSION, CITY OF MADISON,
MADISON POLICE DEPARTMENT, MAYOR'S
OFFICE, CIVIL RIGHTS DEPARTMENT, and
STATE OF WISCONSIN,

                Defendants.

OPINION AND ORDER

24-cv-875-wmc

---

    Plaintiff Michael Green, who represents himself, alleges that the State of Wisconsin, Dane County, the City of Madison, and several of their departments and officials violated his constitutional rights by discriminating and retaliating against him when he attempted to advocate on behalf of sex trafficking victims. As he did in his other case in this court, Case No. 24-cv-874, plaintiff also has filed a letter in which he asks the court to assist him in arranging a plea for him in a state criminal case. (Dkt. #5.) Because plaintiff seeks to proceed without prepayment of the entire filing fee, the next step is to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). The court accepts plaintiff's allegations as true and construes them generously, holding his pro se complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

    After reviewing the complaint with these principles in mind, the court concludes that plaintiff's complaint has four problems: (1) the complaint as a whole violates Federal Rules of

Civil Procedure 18 and 20 because plaintiff's unrelated claims against different defendants claims belong in separate lawsuits; (2) plaintiff's potential constitutional claims identify states and municipalities who cannot be sued rather than individual defendants; and (3) plaintiff's allegations are too vague and confusing to meet the pleading standard of Rule 8. Accordingly, the court will dismiss plaintiff's complaint, but will give plaintiff a brief opportunity to file an amended complaint that fixes these problems. Plaintiff's motion for court assistance in his criminal case will be denied because *Younger v. Harris*, 401 U.S. 37 (1971), forbids federal courts from interfering with ongoing state criminal proceedings, even if the desired federal intrusion relates only to sentencing. *See Tobey v. Chibucos*, 890 F.3d 634, 651 (7th Cir. 2018).

OPINION

While it is not entirely clear from the complaint, plaintiff seems to be alleging that a number of state, county, and city officials, most of whom he fails to identify by name, have "neglected him" and "retaliated" against him in conjunction with his efforts to help poor and African American women who were being sex trafficked sometime between 2021 and 2023, by staff at the Rodeway motel in Madison, where plaintiff and the women were temporarily housed by the Salvation Army. (Dkt. #1.) Plaintiff bases his claims on the following alleged conduct:

1. After he tried to help one of the women videorecord a staff member ("RuRu") assaulting her, RuRu called the Madison Police Department, lied about plaintiff being aggressive, and asked them to remove plaintiff from the motel. The two police officers who responded would not listen to plaintiff's allegations about RuRu and made plaintiff leave the hotel.

2. When plaintiff attempted to file a complaint about the police officers with Jenna Rousseau, the attorney for the Board of Police and Fire Commissioners, Attorney Rousseau refused to file one.

3. After plaintiff complained about Rousseau to the Office of Lawyer Regulation, Madson Police Officer Michael Greendoner arrested him for allegedly using obscenities against Rousseau. While plaintiff pleaded guilty with time served to the charge to get his bail returned, he believes the charge was retaliatory.

4. Deputy Mayors Ruben Sanon and Katie Crowley refused to let plaintiff filed a complaint about the police officers with the City of Madison Mayor's Office and threatened to have him arrested again if he persisted in doing so.

5. In June 2024, plaintiff criticized the mayor for not helping the Salvation Army women, and the mayor responded that it does not matter what "you people do." (Dkt. #1, at 4.) Plaintiff then went to the Dane County Office for Equity and Inclusion ("OEI") and got in an argument with staff about the mayor's reaction. A few hours later, three police officers confronted him about his interactions with the mayor and OEI staff and arrested him for disorderly conduct.

6. Dane County sheriff's deputies have shown up at his residence so many times about him filing complaints that his landlord has made him leave, leaving him homeless.

### A. Unrelated Claims Against Numerous Defendants

Plaintiff's vague and disjointed allegations encompass many seemingly unrelated incidents involving City of Madison police officers, a city attorney, City of Madison Mayor staff, Dane County OEI staff, and Dane County sheriff's deputies. Plaintiff cannot bring all of these claims in one lawsuit.

Under Rule 20 of the Federal Rules of Civil Procedure, joining multiple defendants into one case is appropriate only if the claims against the defendants arise from the same core events. "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Under Rule 18, a plaintiff may assert "as many claims as he has against an opposing party." However, a plaintiff may not join two cases involving unrelated claims asserted against different groups of defendants. That is, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id*. at 607.

3

While all of the alleged incidents loosely relate to plaintiff's advocacy for victims of sex trafficking in Madison motels, plaintiff's allegations appear to span several years and involve numerous disparate incidents. For instance, plaintiff alleges that he was falsely arrested for allegedly using obscenities against an attorney working for the city, and then years later falsely arrested for disorderly conduct regarding his interactions with county staff. Had both of these offenses been committed by the same police officer, plaintiff could bring these claims in a single lawsuit. But because these allegations involve different officers, and even different city and county departments, who are alleged to have committed separate acts against plaintiff, they would have to be prosecuted in separate lawsuits to comply with Rule 18 and Rule 20. Plaintiff will need to identify only one lawsuit on which to proceed under this case number. If he wishes to pursue additional unrelated claims, he will need to file them as separate cases. To further assist plaintiff in this task, the court will identify other obvious problems with his allegations.

### B. Proper Defendants

Plaintiff's claims against the State of Wisconsin and any of its offices and departments are barred by Eleventh Amendment sovereign immunity, which prohibits individuals from suing a state, state agency, or state official in federal court. *Indiana Prot. & Advoc. Servs. v. Indiana Fam. & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010); *Kreger v. Stonehouse Dev.*, No. 21-cv-466, 2022 WL 2713376, at *4 (W.D. Wis. July 13, 2022). However, there is an exception to sovereign immunity for suits seeking prospective relief against state officials in their official capacities, *id.*; *Ex Parte Young*, 209 U.S. 123 (1908), and plaintiff says that he seeks to "deter such future behavior," (dkt. #1, at 5). Additionally, a plaintiff may bring a personal-capacity claim against an individual state official for their personal involvement in

4

constitutional violations under 42 U.S.C. § 1983. *See Kuhn v. Goodlow*, 678 F.3d 552, 555-56 (7th Cir. 2012). However, plaintiff cannot bring either type of claim because he has not named any individual state officials as defendants in the caption of his complaint.

Similarly, plaintiff may not bring his claims against Dane County or the City of Madison and their departments and offices; instead, he would have to bring them against the specific county and city employees or police officers who allegedly retaliated against him or falsely arrested him. A county or city is responsible for its employees' violations of a plaintiff's constitutional rights only if the violations occurred due to a county or city policy or custom, or if they were performed by an official with final policymaking authority. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Bradley v. Dane Co. Sheriff's Dep't*, No. 20-cv-49, 2020 WL 2334082, at *3 (W.D. Wis. May 11, 2020). The actions plaintiff describes in his complaint do not appear to meet either condition, with the possible exception of the mayor. Finally, this court would not have subject matter jurisdiction over any claims seeking to challenge state court proceedings and decisions rendered before the district court proceedings commenced. *See Howell v. Dewey*, 817 F. App'x 268, 270 (7th Cir. Aug. 19, 2020) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

### C. Constitutional Challenges

Plaintiff identifies the Equal Protection Clause as giving rise to his claims, but his allegations also implicate his free speech rights under the First Amendment and his right to be free from unreasonable seizures under the Fourth Amendment.

The Equal Protection Clause of the Fourteenth Amendment protects individuals from governmental discrimination. *Swanson v. City of Chetek*, 719 F.3d 780, 783 (7th Cir. 2013). The typical equal protection case involves discrimination by race, as plaintiff alleges occurred

here,[1] but "the Clause also prohibits the singling out of a person for different treatment for no rational reason" under a class-of-one theory. *Id*. To state a claim for race discrimination, plaintiff must allege that: (1) he is a member of a protected class; (2) that he is otherwise similarly situated to members of the unprotected class; and (3) that he was treated differently from members of the unprotected class. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005); *Taylor v. Nunez*, No. 18-cv-7844, 2019 WL 5393996, at *3 (N.D. Ill. Oct. 22, 2019). "To state a class-of-one equal protection claim, an individual must allege that he was 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Swanson*, 719 F.3d at 783-84 (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)); *see also D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 799 (7th Cir. 2015) (same).

Additionally, the Fourth Amendment to the United States Constitution bars "unreasonable searches and seizures." A Fourth Amendment seizure of a person occurs when officers, through physical force or a show of authority, restrain a person's liberty. *Hawkins v. Mitchell*, 756 F.3d 983, 992 (7th Cir. 2014). An arrest is reasonable if it is supported by probable cause. *United States v. Eymann*, 962 F.3d 273, 282 (7th Cir. 2020). A brief detention for investigatory purposes is reasonable if supported by a less stringent standard of reasonable suspicion. *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968). Moreover, even if a defendant did not detain or arrest plaintiff themselves, the United States Supreme Court has recognized a Fourth Amendment claim for malicious prosecution when a defendant's actions cause the plaintiff to

---

[1] Plaintiff alleges that he and many of the Salvation Army women are black, and that defendants treat them adversely because of their race.

be seized without probable cause. *Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022); *Stewart v. Banks*, No. 22-cv-482, 2023 WL 2386495, at *2 (W.D. Wis. Mar. 7, 2023).

Finally, to state a First Amendment retaliation claim, a plaintiff must plead sufficient facts to support an inference that: (1) the plaintiff was engaged in constitutionally protected speech; (2) public officials took adverse actions against the plaintiff that would likely deter First Amendment activity in the future; and (3) the adverse actions were motivated at least in part as a response to the plaintiff's protected speech. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir.2009); *Mosely v. Board of Education of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006); *Toles v. City of Janesville*, No. 12-cv-677, 2012 WL 5498004, at *2 (W.D. Wis. Nov. 13, 2012).

However, to proceed on any of these types of constitutional claims, plaintiff must identify the specific acts of discrimination, unreasonable seizure, malicious prosecution, or retaliation he experienced, who participated in it, and when it happened. *See* Fed. R. Civ. P. 8(a)(2) (a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (internal quotation marks omitted) (Plaintiff must "state a claim to relief that is plausible on its face" by providing "sufficient detail to present a story that holds together."); *Junhao Su v. E. Illinois Univ.*, 565 F. App'x 520, 521-22 (7th Cir. 2014) (same); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (plaintiff must give defendant fair notice of what the claim is and the grounds upon which it rests). While plaintiff provides some details about the events that led to the alleged retaliation and unreasonable seizures, he has not alleged with any clarity which individual state, county, or city employees violated his rights and when these events occurred. As currently pleaded, the complaint fails to give defendants notice of what plaintiff believes any *individual* official or officer did to discriminate, unreasonably seize, or retaliate

7

against him, nor can the court draw the inference that any individual is liable for any misconduct.

### D. Leave to Amend

While plaintiff's complaint must be dismissed because he improperly joins unrelated claims against numerous defendants in one lawsuit, has named defendants who cannot be sued, and has not included sufficient allegations to state any constitutional claim, he will be given a chance to amend his complaint to correct these deficiencies. *See Felton v. City of Chi.*, 827 F.3d 632, 636 (7th Cir. 2016) (cautioning against dismissing *pro se* plaintiff's case without allowing leave to amend complaint). Accordingly, plaintiff may have a brief, one-month window of time to submit a proposed amended complaint that corrects the deficiencies related to his proposed claims, as described above, and set forth a cognizable federal claim that can be adjudicated by this court.

Plaintiff should draft any amended complaint as if he was telling a story to someone who knows nothing about the events at hand, focusing on: providing a timeline of the material events; identifying the specific defendants who are being sued; and describing the specific, personal actions by each defendant that plaintiff believes constitute a violation of his rights. **Should plaintiff timely submit a proposed, amended complaint, the court will screen it and determine whether this case may proceed further. Failure to do so with thirty (30) days will result in dismissal of his claims with prejudice.**

ORDER

IT IS ORDERED that:

1. The complaint filed by plaintiff Michael Green is DISMISSED without prejudice for failure to satisfy the requirements of Federal Rules of Civil Procedure 8, 18, and 20. Plaintiff has until **May 29, 2025,** to file an amended complaint that corrects the deficiencies described above. Plaintiff's failure to file an amended complaint by that deadline will cause the court to dismiss his claims with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

2. Plaintiff's motion for court assistance in a plea deal (dkt. #5) is DENIED.

Entered this 29th day of April, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge